IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EDDIE VAN OLIVER, III,**

    **Plaintiff,**

            Case No. 2:23-cv-4268
            Judge Edmund A. Sargus, Jr.
    v.           Magistrate Judge Elizabeth P. Deavers

**STATE OF OHIO HOUSING DEPARTMENT,** *et al.***,**

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Eddie Van Oliver III's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.)[1] It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. Having performed the initial screen of the

---

[1] On December 28, 2023, Plaintiff submitted a 94-page filing, the first four pages of which were his form Complaint. (ECF No. 1.) On December 29, 2023, the Clerk docketed the filing as a Complaint and issued a deficiency notice advising Plaintiff of his obligation to pay the filing fee or file an application for leave to proceed *in forma pauperis*. (ECF No. 2.) The Clerk issued an amended deficiency notice on January 2, 2024. (ECF No. 3.) A further review of Plaintiff's filing indicates that it contained an application to proceed *in forma pauperis* dated December 19, 2023, filed out of order at pages 38-41. Additionally, Plaintiff's filing appears to contain pages of certain financial account information, presumably submitted in support of his application for leave to proceed *in forma pauperis*. The Clerk will be directed to seal these pages.

Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

---

[1] Formerly 28 U.S.C. § 1915(d).

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

Plaintiff's Complaint, liberally construed, names as Defendants the "State of Ohio Housing Department," Harvest Wood Apartments, Clintonville Commons Apartments, Bend at Broad Apartments, Sherbrook Apartments, and Brian Murray. (ECF No. 1.) At least some of the Defendants appear to be apartment complexes located in Columbus, Ohio. Plaintiff's allegations include the following. When he lived at Harvest Wood apartments "[t]here was a witch attack and sabotage" and he "was one of the victims of the direct attack of the exploding mice." (ECF No. 1 at 3.) When he lived at Bend at Broad, "there was a fungal environmental attack." (*Id*.) Bend at Broad did not comply with CDC or State of Ohio COVID-19 guidelines, preventing him from physically attending his brother's wedding. (*Id*.) He pre-qualified for the Hope assistance program in May 2021 but it did not cover the rental request. (*Id*.) He and his mother signed a lease in 2023 but the "unit has racially profiled [him] wit[h] racist toys, expired gas units, unclear water, and Fungal window seals." (*Id*.) He believes the rent is "an embezzlement scheme" that "has been report[ed] to the CIA and FBI as of 2023." (*Id*.) At Sherbrook, "[t]here was a[] harraser (sic)" who used a "foreign language" "pertaining to black magic." (*Id*.) "The Clintonville location shows nazim, racism and mob mentality and "[t]he gas showed they want the Sensitive information to be burned." (*Id*.)

As this summary confirms, Plaintiff's Complaint "contains no coherent factual allegations to support a legal theory upon which a valid federal claim may rest." *Francis v. Branch*, No. 3:22-CV-664-CHB, 2023 WL 3325925, at *2 (W.D. Ky. May 9, 2023). Instead, it is comprised of "fantastic" and "delusional" factual allegations warranting dismissal for frivolousness. *Id.* (citation omitted).

4

Further, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Even liberally construing the Complaint, Plaintiff's allegations meet this standard as well. *See, e.g., Swint v. Fultano's Pizza*, No. 5:23 CV 1556, 2023 WL 5893370, at *1 (N.D. Ohio Sept. 11, 2023) (dismissing for lack of subject matter jurisdiction where plaintiff's complaint contained "fantastic or delusional scenarios"); *see also Francis*, 2023 WL 3325925, at *2 (same).

### III.

For the reasons explained above, Plaintiff's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**. (ECF No. 1.) The Clerk is **DIRECTED** to seal the pages of Exhibit 1 containing Plaintiff's financial account numbers. Further, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for lack of subject matter jurisdiction. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

5

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: February 26, 2024                  */s/ Elizabeth A. Preston Deavers*
                                                     **ELIZABETH A. PRESTON DEAVERS**
                                                     **UNITED STATES MAGISTRATE JUDGE**